IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50365
(Summary Calendar)
_____


DANIEL ANDREW NORFIELD,

                                        Plaintiff-Appellant,

                        versus

UNITED STATES OF AMERICA, Brooke
Army Medical Center,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. SA-96-CV-282)
- - - - - - - - - -
December 9, 1997
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Daniel Andrew Norfield appeals the magistrate judge's granting
of summary judgment in favor of the United States Brooke Army
Medical Center (BAMC).  Norfield contends that the magistrate
judge[**] erred in granting summary judgment in favor of the United
States; the magistrate judge erred in holding that he failed to
prove the BAMC physicians breached the proper standard of care; the

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] The parties consented to the jurisdiction of the
magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

magistrate judge erred in accepting as true the opinion of the United States' medical expert, Major David Harrington, M.D.; and that the magistrate judge abused his discretion in refusing to allow Norfield to use excerpts from a medical textbook to rebut the United States' summary judgment evidence. Norfield failed to present any competent medical evidence to establish the existence of a genuine issue of material fact which would preclude the granting of summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The magistrate judge expressly stated that he did not accept Dr. Harrington's affidavit as correct but determined that summary judgment was proper because Norfield failed to meet his burden of proof. Because Norfield failed to meet his burden of proof, the magistrate judge did not err in granting summary judgment in favor of the United States.

Norfield also argues that the magistrate judge erred in granting summary judgment before the close of discovery. Norfield did not seek a continuance in order to conduct additional discovery pursuant to Fed. R. Civ. P. 56(f) or explain what information he needed to obtain through further discovery. He has not shown that additional discovery was necessary to establish any issue of material fact which would have precluded summary judgment. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990). Therefore, the magistrate judge did not err in granting summary judgment in favor of the United States without allowing Norfield to conduct additional discovery.

AFFIRMED.